IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DITECH FINANCIAL, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TYRONZIA GARDNER, FREDDIE M. RUSSELL, and all others,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br>1:19-cv-01434-MHC-LTW |

## MAGISTRATE JUDGE'S ORDER AND
## FINAL REPORT AND RECOMMENDATION

Defendant Tyronzia Gardner ("Defendant"), proceeding *pro se*, seeks to remove a dispossessory action from the Magistrate Court of Newton County without prepayment of fees and costs and security therefore, pursuant to 28 U.S.C. § 1915(a)(1) (Doc. 1). The Court may excuse prepayment of fees for "a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam) (quoting 28 U.S.C. § 1915(a)(1)). Defendant did not complete the Application to Proceed in District Court Without Prepaying Fees or Costs, failing to provide information about

her income, employment history, and only listed one monthly expense. (See Doc. 1). Thus, the requirements of 28 U.S.C. § 1915(a)(1) have not been satisfied.

Nevertheless, "a trial court has wide discretion in determining whether to grant or deny a motion filed pursuant to § 1915." Countrywide Home Loans, Inc. v. Arazo, No. 8:10-CV-0412-T-30EAJ, 2010 WL 962948, at *1 (M.D. Fla. Feb. 23, 2010), adopted by 2010 WL 962951, at *1 (M.D. Fla. Mar. 16, 2010) (citing Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004) (per curiam). Although Defendant has failed to show she qualifies to file *in forma pauperis*, even if Defendant did qualify, the Court would be required to remand the case for lack of subject matter jurisdiction. Therefore, in the interests of judicial efficiency, Defendant's Application for Leave to Proceed *in forma pauperis* is **GRANTED** (Doc. 1), and the Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Newton County.

## PROCEDURAL HISTORY

Plaintiff Ditech Financial, LLC ("Plaintiff") filed a dispossessory proceeding against Defendant in the Magistrate Court of Newton County on or around November 2, 2018. (Doc. 1-1, at 5). Defendant filed a Petition for Removal on March 29, 2019, arguing that this Court has jurisdiction over the case because Plaintiff's dispossessory

action violates 15 U.S.C. §1692, Rule 60 of the Federal Rules of Civil Procedure, and the Fourteenth Amendment of the United States Constitution. (Doc. 1-1, at 2).

## LEGAL ANALYSIS

Based on the Court's review of the pleadings, removal was improper because the Court lacks subject matter jurisdiction over this lawsuit. It is the Court's duty to inquire into its subject matter jurisdiction *sua sponte* whenever it may be lacking. Hernandez v. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008). The general removal statute, 28 U.S.C. § 1441, does not provide a basis for removal in this case. Title 28, Section 1441(a) of the United States Code provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction of civil cases that either present a federal question or that involve citizens of different states and exceed the $75,000 amount in controversy threshold. 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332(a)(1) (diversity jurisdiction between citizens of different states). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[I]n removal cases, the burden is on the party who sought removal to

3

demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

It is readily apparent to the Court that federal question jurisdiction is not present. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. This rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted). Potential defenses or counterclaims involving the Constitution or laws of the United States are ignored. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

In this case, no federal question is presented on the face of Plaintiff's Complaint. (Doc. 1-1, at 5). Plaintiff relied exclusively on state law when it initiated a dispossessory proceeding in the Magistrate Court of Newton County. (Id.). Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia lies entirely in the state court system. See O.C.G.A. § 44-7-50(a). There is also no evidence the warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption. Caterpillar Inc., 482 U.S. at 393. Although

Defendant argues that case is removable because the dispossessory action violates 15 U.S.C. §1692, Rule 60 of the Federal Rules of Civil Procedure, and the Fourteenth Amendment of the United States Constitution, a federal question present in a counterclaim or defense is not a proper basis for removal of a complaint. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 765 n.20 (11th Cir. 2010).

Nor do the facts presented in this case support diversity jurisdiction. A party removing a case to federal court based on diversity of citizenship bears the burden of establishing that the citizenship of the parties is diverse and that the amount of $75,000 amount in controversy threshold is met. Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 618 (11th Cir. 1990). Neither Defendant's Notice of Removal nor the Plaintiff's Complaint includes any facts showing that the parties are diverse or that the $75,000 jurisdictional threshold is met. (Doc. 1-1). Plaintiff is only seeking possession of the premises. (Doc. 1-1, at 5). A claim seeking ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy. Citimortgage, Inc. v. Dhinoja, 705 F. Supp.2d 1378, 1382 (N.D. Ga. 2010); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS, 1:07-Cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008); Novastar Mortg., Inc. v. Bennett, 173 F. Supp.2d 1358, 1361-62 (N.D. Ga. 2001), aff'd 35 F.

App'x 858 (11th Cir. 2002). Moreover, the value of the property has no bearing on whether the jurisdictional threshold has been met for the purposes of determining the amount in controversy. See Williams, 2008 WL 115096, at *2 (holding that a defendant seeking to remove a matter may not rely on the value of the property to satisfy the amount in controversy requirement because a dispossessory proceeding in Georgia is only a dispute over the limited right to possession, not an ownership dispute over title to property). Because Defendant has not established a basis for the Court to exercise removal jurisdiction, the undersigned **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Newton County.

## **CONCLUSION**

Defendant's Application for Leave to Proceed *in forma pauperis* is **GRANTED**. (Doc. 1). The Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Newton County. As this is a final Report and Recommendation and there are no other matters pending before the Court, the Clerk is directed to terminate the reference to the undersigned.

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 3 day of April, 2019.

_Linda T. Walker_
LINDA T. WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE